IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case No. 3:21-cv-00454-FDW-DSC

TIMOTHY CARAWAY,

        Plaintiff,

v.

CITY OF PINEVILLE et. al.

        Defendant.

_____/

**CONSENT PROTECTIVE ORDER REGARDING**
**STATE BUREAU OF INVESTIGATION FILE**

        The Plaintiff and Town of Pineville along with the North Carolina State Bureau of Investigation (hereinafter "SBI"), through counsel, stipulate to the entry of this Protective Order allowing release of SBI Investigative File No. 2020-00340 regarding the SBI investigation into the officer involved shooting of Timothy Caraway on February 1, 2020 that is the subject of this lawsuit.

        Counsel for the above parties and entities stipulate and agree to the following statements of facts which authorize the Court's entry of the Protective Order:

        1.     Plaintiff's counsel reviewed the file at the SBI office in Raleigh prior to filing suit and has referred to its content in the pleading.

        2.     The SBI report referred to in the pleadings appears material and relevant to the subject matter involved in this matter.

        3.     The parties seek the release of the SBI investigation report in this matter for the parties' use in the lawsuit.

        4.     This order governs the handling and disclosure of all materials from the SBI Report, once produced, that are used in the litigation or filed with the Court by any party to this action.

5. Definitions.

    a. "SBI Report" refers to the documents and other materials contained in SBI Investigative File No. 2020-00340, including any related laboratory reports and findings and any photographs or videos related to the investigation into the officer involved shooting of Timothy Caraway.

    b. "Document" means any writing, drawing, graph, chart, recording, and any other document as defined in Rule 34 of the North Carolina Rules of Civil Procedure.

    c. Parties mean the Plaintiff and any Defendant in this action.

6. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties in response to Plaintiff's request for the following reasons:

    a. No policy reason exists for denial of the request of Plaintiff for production of these materials.

    b. There is no prejudice to the SBI by releasing this material.

    c. There are no identities of persons contained in the materials which need to be protected; and

    d. Any criminal investigation which might have been the subject of this file has been concluded.

7. Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used **for no purpose other than prosecuting or defending this action, including any and all motions such as motions for summary judgment, and shall be disclosed only to the persons identified below.**

8. Access to and the use of the SBI Report and any part of it shall be limited to the following qualified persons/entities:

a. The parties and attorneys of record for the parties, and their legal assistants, other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents; officers, managers, owners or employees of the parties who provide material assistance in the legal representation of the parties;

b. A deponent in the action (during a deposition or in preparation therefore) when the confidential materials are materially related to the questions asked to or testimony of such deponent;

c. Mediators;

d. Consultants and technical experts involved in the preparation of this action;

e. Court reporters, their transcribers, assistants and employees;

f. Any potential or actual deposition or trial witness to the extent that it is necessary to tender such witness as an exhibit a confidential document in order to elicit testimony relevant to the matters at issue in this case; and

g. Any presiding judge at any court proceeding and any jurors sworn as the triers of fact.

9. In addition, the above individuals and entities that are permitted access to the SBI Report materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

10. Counsel may make copies of material contained within the SBI Report for Plaintiff's or Defendants' experts upon receiving from said experts **a written agreement** that they will be bound

by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

11. The production or disclosure of documents and materials in the SBI Report, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action.

12. All information and materials derived from the SBI Report shall be used solely in the prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose, except as provided herein.

13. Counsel for the parties are responsible for notifying any person who is provided information or material from the SBI Report of the terms of this Protective Order. Counsel shall keep a record of all persons to whom disclosures are made.

14. Each person who receives material and information described herein submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order.

15. It is specifically agreed that portions of the SBI Report may or may not be admissible into evidence at the trial of this action and the parties reserve all rights to object to the admissibility of same.

16. If some of the information released pursuant to this Protective Order contains confidential personnel information under state law, the affected party shall notify all other parties and

such information shall be treated as confidential by the receiving party and be subject to the terms of this Order.

17. All original and copies of the SBI Report shall be returned to the SBI at the conclusion of this action, with a certification that no other copies exist, and that all copies have been duly returned in compliance with this Order.

18. This Protective Order shall not prevent any party, or the SBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the SBI and subject to the approval of the Court.

**SO ORDERED.** Signed: January 13, 2022

David S. Cayer
United States Magistrate Judge

**CONSENTED TO BY:**

/s/ *Angel E. Gray*

Angel E. Gray
North Carolina State Bureau of Investigation
Post Office Box 2950
Raleigh, North Carolina 27626
agray@ncsbi.gov
*Counsel for North Carolina State Bureau of Investigation*

/s/ *Micheal L. Littlejohn Jr.*

Micheal L. Littlejohn Jr.
N.C. Bar No. 49353
Littlejohn Law PLLC
PO Box 16661
Charlotte, NC 28297
Telephone: (704) 322-4581
Fax: (704) 625-9396
*Counsel for Plaintiff*

/s/ *Abraham Rubert-Schewel*
Abraham Rubert-Schewel
Tin Fulton Walker & Owen, PLLC
119 E. Main St.
Durham, North Carolina 27701
(919) 451-9216
schewel@tinfulton.com
*Counsel for Plaintiff*

/s/ *Scott D. MacLatchie*
Scott D. MacLatchie
Hall, Booth, Smith, P.C.
11215 N Community House Rd
Suite 750
Charlotte, NC 28277
(980) 949-7820
SMacLatchie@hallboothsmith.com
*Counsel for Defendants*